|  |  |
|---|---|
| 1  **UNITED STATES DISTRICT COURT** | |
| 2  **DISTRICT OF NEVADA** | |
| 3  Shimon Moalem, | Case No.: 2:18-cv-01223-JAD-NJK |
| 4  Plaintiff | **Order granting defendant's motion to dismiss for failure to state a claim and granting plaintiff leave to amend his complaint** |
| 5  v. | |
| 6  FedEX Ground Package System, Inc. | [ECF No. 14] |
| 7  Defendant | |

Shimon Moalem sues FedEX Ground Package System, claiming that it failed to timely deliver goods and equipment that he shipped to himself in New York for use in a trade show and that he consequentely incurred losses in excess of $86,000.[1] Acting pro se, Moalem asserts state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and loss of business opportunities.[2] FedEX moves to dismiss these claims, arguing that they are preempted by the Carmack Amendment, 49 U.S.C. § 14706, to the Interstate Commerce Act.[3] Because Moalem's contract claim stems from the parties' shipping agreement,[4] and "[i]t is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging . . . delay, loss, failure to deliver[,] or damage to property,"[5] I dismiss this claim as preempted. I similiarily dismiss his implied-convenant and lost-business-opportunities claims because the amendment also "constitutes a complete defense to common

---

[1] ECF No. 10 at 2–3 (first amended complaint).

[2] *Id.* at 4–7.

[3] ECF No. 14.

[4] *See* ECF No. 10 at 4.

[5] *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007).

law claims alleging all manner of harms."[6] And although Moalem argues that his state-law claims somehow fulfill the Carmack Amendment's "intended purpose,"[7] it is clear that the damages he alleges that FedEX caused him can be addressed only through a claim brought under the amendment.[8] I therefore dismiss Moalem's first amended complaint but grant him leave to amend so that he may, if he chooses, pursue a Carmack Amendment claim against FedEX.[9] Accordingly,

IT IS HEREBY ORDERED that FedEX's motion to dismiss **[ECF No. 14] is GRANTED.** Moalem's claims are **dismissed**, and he may file an amended complaint within **20 days of this order**. Failure to timely file an amended complaint will result in closure of this case.

Dated: January 28, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] *Id*. at 689 (upholding dismissal of state-law fraud and conversion claims).

[7] ECF No. 16 at 8 (response to motion to dismiss).

[8] *See Hall*, 476 F.3d at 688–89; *see also, e.g.*, *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984) (addressing a claim brought under the Carmack Amendment).

[9] Because I hold that all of Moalem's state-law claims are preempted, I do not reach FedEX's alternative argument that he failed to allege an element of his lost-business-opportunity claim.