# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Shimon Moalem,<br><br>Plaintiff<br><br>v.<br><br>FedEX Ground Package System, Inc.,<br><br>Defendant | Case No.: 2:18-cv-01223-JAD-NJK<br><br>**Order Granting Defendant's Motion to Dismiss with Leave to Amend**<br><br>[ECF No. 30] |

Pro se Plaintiff Shimon Moalem asserts three state-law claims against FedEX Ground Package System: breach of contract, breach of the implied covenant of good faith and fair dealing, and loss of business opportunities.[1] Moalem claims he suffered $86,000 in damages because FedEX failed to timely deliver goods he shipped to himself for a trade show in New York.[2] I dismissed Moalem's claims as preempted by the Carmack Amendment to the Interstate Commerce Act[3] and granted him leave to amend his complaint if he could plead a Carmack Amendment claim.[4] Moalem briefly cites the Carmack Amendment in his amended complaint, but he nonetheless just reasserts the same three state-law claims that I expressly dismissed.[5]

---

[1] ECF No. 25 at 5–7.
[2] *Id.* at 2–4.
[3] 49 U.S.C. § 14706.
[4] ECF No. 24 at 1–2.
[5] ECF No. 25 at 5–7.

The Carmack Amendment is the exclusive cause of action for interstate-shipping-contract claims[6] and imposes liability on carriers for loss, damage, or costs associated with late delivery.[7] So, to state a claim under the Carmack Amendment, a plaintiff must allege three elements: (1) delivery of the goods to the carrier in good condition, (2) damage to the property or failure to deliver altogether, and (3) the amount of damages.[8] Under the second element, damage includes costs resulting from the delayed delivery or storage of goods.[9] Once a shipper adequately pleads his claim, the burden shifts to the carrier to prove that it was not negligent and the damage arose from an act of God, the public enemy, the shipper's acts, or the inherent nature of the goods.[10]

Because Moalem has again attempted to plead preempted state-law claims, I dismiss his second amended complaint but grant him one final opportunity to amend. To avoid a final dismissal and closure of this case, Moalem must allege a single claim for a violation of the Carmack Amendment, and he must plead facts that satisfy the elements above.

---

[6] *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).

[7] 49 U.S.C. § 14706(a)(1); *N.Y., Phila. & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md.*, 240 U.S. 34, 39 (1916) (holding that the Carmack Amendment applies to all damages resulting from a carrier's failure to fulfill its duties at any point in the transportation, including delayed delivery).

[8] *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964).

[9] *N.Y., Phila. & Norfolk R.R. Co.*, 240 U.S. at 39; *see also Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.,* 422 F.2d 462, 466 (6th Cir. 1970); *Sorensen-Christian Indus., Inc. v. Ry. Exp. Agency, Inc.,* 434 F.2d 867, 869 (4th Cir. 1970).

[10] *Missouri Pac. R. Co.*, 377 U.S. at 138.

Accordingly, IT IS HEREBY ORDERED that FedEX's motion to dismiss **[ECF No. 30]** is **GRANTED**. Moalem's claims are **dismissed**, and he has until **May 7, 2019,** to file an amended complaint that complies with this order. Failure to timely file an amended complaint will result in closure of this case.

Dated: April 22, 2019.

_____
U.S. District Judge Jennifer A. Dorsey